### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | |
|---|---|
| Mikal J. White Mountain, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| Douglas Webber, Warden (S.D.), ) | |
| Wayne Stenehjem, Attorney General of ) | |
| North Dakota, and Leann Bertsch, Director, ) | |
| North Dakota Department of Corrections ) | Case No. 1:07-cv-091 |
| and Rehabilitation, ) | |
| ) | |
| Respondents. ) | |

Petitioner initiated the above-entitled action on December 6, 2007, by filing a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  On February 4, 2008, he submitted three proposed orders: (1) Order for Transcripts [of the post conviction evidentiary hearing held on October 4, 2006] and Register of Actions; Order for Transport [from South Dakota to the North Dakota State. Penitentiary]; and Order for Visitation Records of Petitioner While Incarcerated. These proposed orders were not accompanied by any motions and were not solicited by the court.

On February 6, 2008, Respondents filed a Motion to Strike Proposed Orders.  They request that Petitioner's proposed orders be struck from the record or, in the alternative, that the court deny Petitioner the relief he seeks. First, they state that Petitioner has already been served with copies of the transcript and docket sheet referenced in his proposed orders.  Second, they aver that Petitioner's visitation records have no discernable relevance to matters now before the court. Third, they aver that a transfer is not warranted under the circumstances.

Although Petitioner is proceeding pro se, he must adhere to the same procedural rules as other litigants. See Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8`" Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law."). He should therefore present his relief requests in the form of a motion. Any such motion should be accompanied by a brief outlining the basis for the requests. See Local Rule 7.1 ("[T]he failure to file a brief by the moving party may be deemed an admission that, in the opinion of counsel, the motion is without merit . . . .").

Petitioner has no motions currently pending before this court and has not articulated to the court a basis for the relief he ostensibly seeks. The court is not inclined to address Petitioner's submission in their present form. Accordingly, the court **GRANTS** Respondents' Motion to Strike (Docket No. 13).

**IT IS SO ORDERED.**

Dated this 13th day of February, 2008.

                                                        */s/ Charles S. Miller, Jr.*
                                                        Charles S. Miller, Jr., Magistrate Judge
                                                        United States District Court